# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GEORGE BENTON,

        Petitioner,               Case Number: 2:06-CV-11004

v.                                  HON. MARIANNE O. BATTANI

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Petitioner George Benton filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. The petition was denied on June 23, 2008. Petitioner has filed a Notice of Appeal and an Application to Proceed Without Prepayment of Fees.

Before Petitioner can appeal the Court's decision, the Court must determine whether to issue a Certificate of Appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b). When a habeas applicant seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his habeas corpus petition, Petitioner presented the following claims:

    I.     It was reversible error in derogation of petitioner's due process right to a fair trial

>       for the trial court to allow the prosecutor to introduce star prosecution witness's prior consistent statement pursuant to M.R.E. 801(d)(1)(b) when the witness made the prior statement at a time when he had a strong motivation to lie and where defense counsel had not alleged recent fabrication.
>
> II.   Petitioner is entitled to appellate review of his sentence for second degree murder because the 300 to 600 month term of imprisonment imposed in the case at bar is disproportionate to the offense and this offender and an abuse of sentencing discretion despite being in accord with the statutory sentencing guidelines.
>
> III.  Where the prosecutor during closing rebuttal remarks compared petitioner's defense and theory to that of the O.J. Simpson defense deprived petitioner of due process of law and the right to a fair trial under the U.S. Constitution amendments V, XIV; and MI Constitution 1963 article 1 sections 17 and 20.
>
> IV.   Where trial counsel failed to render objectively reasonable representation, petitioner has been denied the effective assistance of counsel as is guaranteed by U.S. Constitution Amendments V, VI, and MI Constitution 1963 article I, sections 17 and 20, by counsel's deficient performance in:
>
>       a.  Failing to object during rebuttal when the prosecutor compared petitioner's defense and theory to that of the O.J. Simpson defense; and
>
>       b.  Failing to object when the court relied on dismissed charges to fashion petitioner's sentence at the high end of the minimum guideline range.
>
> V.    Where appellate counsel failed to recognize and assert several meritorious due process claims, petitioner has been denied of the right to effective assistance of counsel on his appeal by right. U.S. Constitution Amendments VI, XIV; and MI Constitution 1963 article 1 section 20.

Magistrate Judge Paul J. Komives issued a Report and Recommendation, recommending that the petition be dismissed. The Court adopted the Report and Recommendation and denied the petition for a writ of habeas corpus.

In his first claim for habeas corpus relief, Petitioner argued that he was denied his right to a fair trial by the introduction of a prosecution witness's prior consistent statement when the statement was made at a time when the witness had a strong motivation to lie and where defense counsel had not yet alleged recent fabrication. The Court held that the statement was made

2

without motive to fabricate and the state court, therefore, did not abuse its discretion in allowing the prior consistent statement to be admitted.  In addition, although defense counsel had not made an express charge of recent fabrication or improper motive, counsel made an implied charge of recent fabrication during cross-examination of the witness.  Thus, the Court held that the Michigan Court of Appeals' conclusion that the cross-examination implied the witness's trial testimony was fabricated to secure a deal from the prosecutor was a reasonable one.

In his second habeas claim, Petitioner argued that his sentence of 300-600 months' imprisonment was improper because it: (i) was disproportionate; (ii) exceeded the sentencing guidelines; (iii) was based upon inaccurate information; and (iv) was not individualized.  The Court concluded that, considering the circumstances of the crime and that Petitioner was sentenced within the statutory maximum, the sentence was not disproportionate.  Petitioner's claim that the trial court exceeded the sentencing guidelines is not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (holding that claim that sentencing court departed from Michigan sentencing guidelines is an issue of state law, and, therefore, not cognizable on federal habeas review).  The Court further held that Petitioner did not show that his sentence was based upon materially false facts.  Finally, Petitioner's individualized sentencing claim was held not to be cognizable on federal habeas review because the Supreme Court has not recognized a constitutional right to individualized sentencing outside the death penalty context.  *See Tuilaepa v. California*, 512 U.S. 967, 972 (1994).

Next, Petitioner argued that he was denied a fair trial by the prosecutor's comments during rebuttal closing argument when the prosecutor compared the defense theory to that of O.J. Simpson's.  The record showed that defense counsel initially raised the similarities between the

3

O.J. Simpson case and Petitioner's.  The prosecutor simply responded to defense counsel's comparison with the O.J. Simpson trial.  The Court held that counsel's statements in this regard did not rise to the level of prosecutorial misconduct.

Fourth, Petitioner claimed that trial counsel was ineffective in failing to object when the prosecutor compared his defense to that of O.J. Simpson, failing to object to the court's reliance on dismissed charges at sentencing, and failing to properly object to the trial court's admission of a prior consistent statement.  The Court found no error with respect to any of these issues and, therefore, held that any objection would have been meritless.  Counsel cannot be held ineffective for failing to raise a meritless objection. Therefore, the Court determined that Petitioner was not entitled to habeas corpus relief on this claim.

Similarly, the Court denied habeas relief on Petitioner's ineffective assistance of appellate counsel claim because Petitioner failed to show that any of the claims he argued should have been raised on appeal had any merit.  Therefore, Petitioner could not establish that counsel was ineffective in failing to raise them.

The Court finds that jurists of reason would not find its assessment of the foregoing claims to be debatable or wrong.  Therefore, the Court shall decline to issue a certificate of appealability.

Petitioner has filed an Application to Proceed With an Appeal Without Prepayment of Fees. Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court.  An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of

appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). While the Court has held that jurists of reason would not find the Court's assessment of the claims presented in Petitioner's habeas corpus petition to be debatable or wrong, the Court finds that an appeal may be taken in good faith. The Court, therefore, shall grant the Motion for Leave to Proceed On Appeal *In Forma Pauperis*.

Accordingly, **IT IS ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHERED ORDERED** that Petitioner's Application to Proceed With an Appeal Without Prepayment of Fees is **GRANTED.**

                                                s/Marianne O. Battani
                                                MARIANNE O. BATTANI
                                                UNITED STATES DISTRICT JUDGE

Dated: January 6, 2009

---

**CERTIFICATE OF SERVICE**

I certify that a copy of this notice was mailed and/or electronically filed to all counsel of record on this date.

Date: 1/06/09                                                       s/Colette Motowski
                                                             Colette Motowski, secretary to
                                                             Hon. Marianne O. Battani 313-234-2625